## Schwab, Appellant, *v.* Schneider.

*Landlord and tenant—Eviction—Proceedings to obtain possession—Act of March 31, 1905, P. L. 87.*

Where a tenant has been put out of possession in proceedings before a justice of the peace, in accordance with the requirements of the Act of March 31, 1905, P. L. 87, and has not appealed from the judgment of the justice nor removed the record by a certiorari to the court of Common Pleas, he cannot thereafter maintain an action of trespass against his landlord for an alleged wrongful eviction because he had not received three months' notice to quit which he claimed he was entitled to have as a tenant from year to year.

Argued March 19, 1912. Appeal, No. 66, Jan. T., 1912, by plaintiffs from order of C. P. No. 5, Phila. Co., Dec. T., 1908, No. 1158, refusing to take off nonsuit in case of William Schwab and Amanda Schwab, his wife, v. Peter Schneider, Charles L. Greisser and Mary A. Greisser, his wife, and John Serembus. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass for an alleged wrongful eviction and abuse of process.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, RALSTON, J., filing the following opinion:

This was an action of trespass. The plaintiff alleged that the defendants had unlawfully dispossessed him of the premises, and asked damages therefor.

It appeared on the trial that the defendant, Schneider, had purchased the property in 1905 from one Arnold, that on July 24, 1907, he gave the tenant notice to quit on September 24th, 1907. After giving this notice to quit, on July 27, 1907, Schneider sold the premises to Greisser and his wife.

The tenant did not give up possession in pursuance of the notice and proceedings, under the Act of March 31, 1905, P. L. 87, were begun before the magistrate for the purpose of obtaining possession. The tenant was duly served with notice of these proceedings, but did not appear, and judgment was rendered against him.

A writ of possession was issued by the magistrate and possession was accordingly taken by the defendant, Serembus, the constable.

On the trial the tenant testified that in 1900 he had leased the premises from the former owner, Arnold, for a year, and from that time had held over as tenant from year to year.

There appears to be no irregularity apparent upon the face of the record of the proceedings before the magistrate. That record shows that the lease was for less than one year, that thirty days' notice to quit had been given, and that the tenant refused to remove from the premises—therefore all the requirements of the Act of 1905 appear to have been complied with, and the magistrate had jurisdiction.

If the tenant had any defense to the proceedings, or if there was any irregularity in the procedure, he should have taken an appeal or have brought the record before the Court of Common Pleas by certiorari. He took neither of these steps, and therefore, he must be held to be bound by the judgment of the magistrate. He cannot recover damages against the defendant for putting him out of possession by proceedings begun and prosecuted in accordance with law.

The judgment of the magistrate must be regarded as

final, as no proceedings have been taken to have it reversed.

The defense offered, namely, that the tenant was a tenant from year to year, and therefore was entitled to three months' notice to quit, should have been put in at the hearing before the magistrate.

As the proceedings before the magistrate appear to have been regular, and were not appealed from, a nonsuit was properly entered.

*Error assigned* was in refusing to take off nonsuit.

*Samuel H. Kirkpatrick,* with him *William H. R. Lukens,* for appellants.

*Ulysses S. Koons,* with him *Charles G. Gerhard,* for appellee.

Per Curiam, April 8, 1912:

The judgment is affirmed on the opinion of the learned Judge of the Common Pleas.