Rothwell, Appellant, v. Groff.

Submitted January 11, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Marshall M. Cohen,* for appellant, submitted a brief.

*Richard A. Snyder* and *Paul A. Mueller,* for appellee, submitted a brief.

OPINION BY MR. JUSTICE JONES, March 20, 1950:

The plaintiff sued to recover damages for the defendant's alleged breach of her covenant of quiet possession and enjoyment contained in her written lease to the plaintiff and his wife of a dwelling whereof they became the occupants. The breach of covenant is averred to have resulted from the defendant's eviction of the plaintiff and his wife (since deceased) from the leased property in alleged violation of certain provisions of the Federal "Housing and Rent Act of 1947" approved June 30, 1947, as amended by the Act of March 30, 1948, 50 U. S. C. A. §§1881-1906 Pkt. Part. The damages claimed by the plaintiff are consequential, as well as highly speculative; and, in substantial part, the action was in tort, viz., for the alleged slander of the wife, and not in assumpsit on the written lease as the complaint purports. However, with such matters, we need not now be concerned. There is a fundamental barrier to the suit. The learned court below sustained the preliminary objections interposed by the defendant to the plaintiff's complaint and entered judgment for the defendant. This appeal by the plaintiff followed.

It is unnecessary for us to consider or pass upon the plaintiff's contention that, in effecting the eviction, the defendant violated regulations of the "Housing and Rent Act of 1947." For present purposes, we may assume, *arguendo,* such to have been the case. The complaint affirmatively shows that the eviction was had pursuant to a writ of possession issued by a Justice of the Peace on a judgment entered by him in a proceeding instituted by the defendant against the plaintiff and his wife and, so far as the record discloses, they did not ques-

tion the jurisdiction of the court. The adjudication, being regular on its face, competent to the jurisdiction and unreversed, was binding on the parties: See *Gordon v. Hartford Sterling Company,* 350 Pa. 277, 285-286, 38 A. 2d 229; *Thompson v. Hedrick,* 91 Pa. Superior Ct. 41, 43. As a defendant in the lessor's possessory action, the present plaintiff did not exercise his right to certiorari the proceeding to the court of common pleas; nor did he appeal from the judgment entered therein. He is, therefore, conclusively barred from attacking the judgment collaterally such as by the instant suit. The case of *Schwab v. Schneider,* 236 Pa. 61, 62, 84 A. 582, is directly in point and rules this case adversely to the plaintiff's contention. As was said in the *Schwab* case by the learned judge of the lower court on whose opinion this court affirmed per curiam,—"He [the plaintiff] cannot recover damages against the defendant for putting him out of possession by proceedings begun and prosecuted in accordance with law." The same is equally true here.

Judgment affirmed.