National Container Corporation of Pennsylvania
*v.* Regal Corrugated Box Co., Appellant.

500

Argued November 16, 1955.  Before STERN, C. J.,
STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Charles M. Solomon*, with him *Nochem S. Winnet* and *Fox, Rothschild, O'Brien & Frankel*, for defendant, appellant.

*William J. Fuchs*, with him *David F. Maxwell* and *Edmonds, Obermayer & Rebmann*, for appellee.

*William H. Lowery*, with him *Barnes, Dechert, Price, Myers & Rhoads*, for appellee, Pennsylvania Railroad Company.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 6, 1956:

In October, 1950, Plaintiff, National Container Corporation of Pennsylvania, sold to defendant, Regal Corrugated Box Company, Inc., 3,716 corrugated paper sheets invoiced at $3,222.91. The shipment was made in a freight car which was furnished and transported by the Pennsylvania Railroad Company from plaintiff's warehouse in the Frankford section of Philadelphia to the Regal Company at the Railroad's Vine Street Freight Station in Philadelphia. Under the contract between plaintiff and Regal Company delivery was to be made "f.o.b. del'd," the transportation, therefore, being at the risk of the shipper. Regal Company refused to pay for the sheets on the ground that a large portion of them were wet and almost worthless when the shipment arrived and unusable for the purpose for which they were intended, namely, the manufacture of corrugated paper boxes; it admitted liability only to the extent of $176.70, being the salvage value which it obtained from a resale of the paper and which amount it paid plaintiff. Taking advantage of Pa. R. C. P.

2229(b) and (c), and alleging that it was unable to determine which of the two defendants was liable for the wet condition of the paper as claimed by Regal Company, it brought suit against Regal Company to recover the balance of the contract price, $3,046.21 with interest, and, alternatively, against the Pennsylvania Railroad Company for the same amount plus freight charges it had paid of $223.20. Suit against Regal Company was, therefore, based upon the contract of sale, and suit against the Railroad Company upon the contract of safe carriage. The jury returned a verdict in favor of plaintiff against Regal Company in the sum of $3,764.75, but in favor of the Pennsylvania Railroad Company as defendant. The court overruled Regal Company's motions for a new trial and for judgment n.o.v. and entered judgment on the verdict for plaintiff against Regal Company, from which judgment the latter now appeals.

The testimony at the trial centered around three subjects of inquiry:—(1) Were the paper sheets dry when loaded by plaintiff on the car of the Railroad Company; (2) Did they become wet during the course of transportation by reason of some defective condition of the car; (3) Were the sheets in fact dry when they arrived but became wet during the process of the unloading of the car by Regal Company's employes? As to the first question, there was testimony by plaintiff that the paper was dry and in good condition when loaded at the point of shipment. As to the second question, there was evidence pro and con, there being some testimony that the roof and sides of the car were possibly leaky, and other testimony that on a thorough inspection it was found that the car was free from any defects whatever. As to the third question, there was testimony on the part of Regal Company that when the door of the car was opened the sheets in view were wet,

that two truck loads were taken out and subsequently found to be thoroughly saturated with water, and that on further examination of the contents of the car it was ascertained that a large part of the remainder of the shipment was similarly damaged and unfit for use; on the other hand, there was evidence to the effect that the unloading of the car was carried on in the midst of a wind-blown driving rain and that the sheets were probably water-soaked while being transported from the car to the Regal Company's truck, and also that the door of the car was negligently allowed to remain open for a long time, thereby exposing the paper to the wind and rain. All of this testimony was presented to the jury, which evidently concluded (1) that the sheets were dry when shipped; (2) that they did not become wet during the course of transportation by the Railroad Company; and (3) that whatever damage they suffered was due to the conduct of Regal Company's own employes in unloading the car under the weather conditions which then existed.

As far as the defendant Railroad Company is concerned there is no reason whatever why it should not be allowed to retain the verdict in its favor which the jury rendered. There is no complaint in the record of any error in the trial so far as the liability of the Railroad Company was concerned. Nor has plaintiff appealed from the judgment in the latter's favor.

The real questions in the case arise in connection with plaintiff's suit against Regal Company to recover the purchase price. If the sheets arrived in good condition Regal Company obviously is obliged to pay for them; if, on the other hand, they were wet and damaged upon arrival and Regal Company gave plaintiff timely notice of that fact it is relieved from its obligation because the shipment was to be f.o.b. delivered.

We are of opinion that there were errors in the charge of the court that justify Regal Company's demand that a new trial should be granted. The jury were told that "if a vendee or consignee buys certain goods, and when they arrive at their destination they are damaged so they cannot be used, it is his duty to *reject* them, not to sit by and do nothing about it but to definitely *reject* them, and make it known to the shipper that he is *rejecting* them and that they are no good." This statement that Regal Company was obliged to *reject* the goods if not satisfactory was, at least indirectly, repeated several times. A vendee or consignee is not so limited in respect to goods that do not comport with the requirements of the contract; on the contrary it is clear that he may *either* reject or accept them, and, in the latter event, make a claim for damages or set off the diminution in value in an action by the seller for the purchase price. Section 49 of The Sales Act of May 19, 1915, P. L. 543, provides that "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale." And Section 69 provides, inter alia, that "Where there is a breach of warranty by the seller, the buyer may, at his election,— (a) Accept or keep the goods, and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price." See *Samuel v. Delaware River Steel Company*, 264 Pa. 190, 192, 107 A. 700, 701; *Wright v. General Carbonic Company*, 271 Pa. 332, 337, 114 A. 517, 518; *Plant Flour Mills Company v. Barag*, 100 Pa. Superior Ct. 320, 322, 323. If the law were as stated by the court it would have been necessary to give binding instructions in favor of the plaintiff because admittedly Regal Company did

not reject the shipment, but accepted it as "corrugated waste paper."

Section 49 of The Sales Act provides that "if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor." If the facts are undisputed the question of what is a reasonable time for giving notice of breach of warranty is one of law for the court; otherwise it is a question of fact for the jury: *United States Gypsum Company v. Birdsboro Steel Foundry & Machine Company*, 160 Pa. Superior Ct. 548, 559, 52 A. 2d 344, 350, and cases there cited. Did Regal Company give plaintiff proper notice? Its president testified that immediately after the car was opened and the sheets found to be in a wet and damaged condition he telephoned to plaintiff and notified it of that fact; he said that he spoke either to a Mr. Weiss who was the office manager or to a Mr. Rosenfeld who was the general manager. Nearly four months later plaintiff received written notice from Regal Company's insurance adjuster of Regal Company's claim, but the trial judge properly told the jury that that notice would have been too late. The court erred, however, in stating to the jury that his recollection was "that no authentic notice was ever given to the shipper that the goods were damaged in so far as the defendant Regal is concerned, until Regal's insurance adjuster notified the plaintiff that the goods were in fact no good, they were damaged, and that they were not going to accept them." It is true that the court added that the jury would have to use its own recollection but it certainly worked a great injustice to Regal Company that, on this vital question, not only did the trial judge fail to mention the alleged telephone notice from the presi-

dent of Regal Company, but even made the statement above quoted that he had no recollection of any such previous notice having been given.

It appears that another important error committed by the court was in a repeated instruction to the jury that they could find in favor of the plaintiff against both defendants jointly. Obviously the case was not one of joint tortfeasors and it was impossible that both defendants should have been liable because, if the Railroad Company had negligently allowed the goods to be damaged Regal Company would not have been obligated to pay for them since the transportation was at plaintiff's risk and the sole liability would have rested upon the Railroad Company; if, on the other hand, the sheets were in good condition when delivered Regal Company would have been liable to plaintiff and the Railroad Company would not have been.

For the reasons thus stated we are of opinion that Regal Company is entitled to a new trial in the plaintiff's action against it. It is not entitled, however, to judgment n.o.v. on the alleged ground that there had been an accord and satisfaction by reason of the fact that, having marked on two or three of the checks it sent to plaintiff in payment of their running account: "The endorsement of this check is an acknowledgment that all charges to and including this date are paid in full," or similar phraseology, plaintiff nevertheless endorsed and deposited them. The payments thus made by Regal Company were all for other merchandise than the shipment here involved and were admittedly due and owing; therefore they did not represent any compromise or settlement of the sales transaction here in litigation but merely a total denial of liability therefor. "The payment by a debtor, and acceptance by the creditor, of a sum which is conceded by the debtor to be due and payable, or as to which there is no dispute

or controversy, furnishes no consideration for the discharge of a disputed claim for an additional and distinct amount or item of liability, for the payment, being of nothing more than the debtor admittedly owes, is neither a detriment to him nor a benefit to the creditor, and so does not constitute or effect an accord and satisfaction thereof, or of the entire account between the parties, in the absence of any new or additional consideration, even though such payment is tendered and accepted or receipted for as in full payment or settlement. The payment operates as a discharge of the items or amount paid only, and the creditor is entitled to maintain an action to recover the balance of his claim": 1 C.J.S. 502, 503, §29 a (2) ; *Cosmo Dress, Inc. v. Perlstein & Company, Inc.*, 134 Pa. Superior Ct. 597, 602, 4 A. 2d 596, 598; *Matlack Coal & Iron Corporation v. New York Quebracho Extract Company*, 39 F. 2d 275, 276.

At the retrial of the case between plaintiff and the defendant Regal Company the sole issues will be (1) were the paper sheets wet and damaged on arrival at the point of delivery, and (2) if so, did Regal Company give plaintiff adequate and timely notice of their defective condition?

Judgment of plaintiff against defendant Regal Corrugated Box Company, Inc., reversed and new trial granted.