## Mongelluzzi et ux. v. Gaidos

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* for plaintiffs.

*Bernerd A. Buzgon,* of *Davis, Katz, Buzgon & Davis,* for defendant.

GATES, *P. J.,* December 4, 1974—The matter is before us on defendant's motion for judgment on the pleadings. The pleadings show the following facts.

On April 8, 1974, Louis W. Mongelluzzi, one of the plaintiffs herein, together with one Daniel C. Perna, for United States Fidelity and Guaranty Company, filed a complaint against the defendant Barbara Ann Gaidos before a district justice of the peace. The complaint discloses that the suit was for $594.31 for damages to the automobile of Louis Mongelluzzi as a result of an accident between the automobile operated by Barbara Ann Gaidos and an automobile operated by Louis W. Mongelluzzi on November 25, 1973, at the Quentin Road and Cedar Lanes Bowling Alley in North Cornwall Township.

A hearing on the complaint was held before the district justice of the peace on May 22, 1974, at which time judgment was entered in favor of defendant, Barbara Ann Gaidos, in default of the appearance of either plaintiff. Notice of the hearing was given to plaintiffs on May 8, 1974, and notice of the judgment was given to plaintiffs on May 22, 1974. Neither Louis W. Mongelluzzi, nor the United States Fidelity and Guaranty Company, filed an appeal from the decision of the district justice of the peace.

However, on July 9, 1974, plaintiffs herein, Louis Mongelluzzi and his wife Yolanda Mongelluzzi, filed the instant complaint seeking the identical amount of money as damages resulting from the same automobile accident which was the subject of the complaint filed and heard by the district justice of the peace.

In plaintiffs' reply to the new matter pleaded by defendant, they acknowledge the existence of the complaint filed before the district justice of the peace but aver, inter alia, that Mrs. Yolanda Mongelluzzi was not a party to the original complaint; that Louis W. Mongelluzzi was never

notified of said action; that Louis W. Mongelluzzi never signed the original complaint; and that the automobile was owned in the name of both plaintiffs, Louis W. Mongelluzzi and Yolanda Mongelluzzi.

After the pleadings closed, on August 22, 1974, defendant filed the present motion for judgment on the pleadings.

Defendant's argument is based upon applicable principles of collateral estoppel and its kinfolk, res judicata.

Basic to our system of jurisprudence is the principle that, so long as a judgment stands unreversed and unappealed from, it may not be questioned in any other case. It matters not that there was no legal contest in reaching the judgment and the judgment was taken by default. Devlin v. Piechoski, 374 Pa. 639 (1953); Stradley v. Bath Portland Cement Co., 228 Pa. 108 (1910).[1] Nor does it matter that the judgment was obtained before a district justice of the peace. That adjudication, being regular on its face, competent to the jurisdiction and unreversed, is binding on the parties: Rothwell v. Groff, 364 Pa. 324 (1950).

Pa. R.C.P. J.P. 319(A) specifically authorizes a district justice of the peace to enter judgment against a plaintiff who does not appear at the hearing. Once a judgment is entered under these cir-

---

1. Mr. Justice Fell, in Schwan v. Kelly, 173 Pa. 65, at page 71, put it this way: "The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable, and applies where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding."

cumstances, the party against whom the judgment is entered is conclusively barred from attacking the judgment collaterally such as is attempted in this suit: Schwab v. Schneider, 236 Pa. 61 (1912); Rothwell v. Groff, supra.

Thus it is evident that the present action is barred by the default judgment obtained in the district justice of the peace court if all of the elements of res judicata or of collateral estoppel are satisfied.

The party asserting the defense of res judicata must show the concurrence of four conditions: (1) Identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued: Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260 (1974).

In the present case there is no question that there is an identity of the subject matter of the litigation, of the cause of action or of the quality or capacity of the parties. The real issue determinative of defendant's motion is the identity of the persons or parties to the default judgment entered by the district justice of the peace.

Both the principle of collateral estoppel and the doctrine of res judicata contain the same element, that is that the party against whom the defense is invoked is identical to or in privity to the party in the first action. Neither legal concept requires absolute identity of the parties but permits the persons and parties or their privies to be the same: Thompson v. Karastan Rug Mills, supra. The word privity denotes a mutual or successive relationship to a right of property, title or estate: Central Pennsylvania Lumber Co. v. Carter, 348 Pa. 429 (1944).

In Stevenson v. Silverman, 417 Pa. 187 (1965), plaintiff, in an action for adverse possession,

claimed that he and members of his family had acquired title to certain land by adverse possession. The court indicated that plaintiff's family would be regarded as his "privies" and that it would not allow a subsequent suit by the members of plaintiff's family after plaintiff, suing alone, had lost an earlier suit involving the same subject matter.

In Thompson v. Karastan Rug Mills, supra, the court held that there was a vertical "privy" between a manufacturer and the retailer and refused to allow plaintiff to sue the manufacturer for defects in carpeting he purchased from the retailer after plaintiff lost a suit against the retailer based on the same alleged defects.

In the present case the record clearly discloses that the cause of action is identical to that which was brought by the husband plaintiff in the court of the district justice of the peace. He lost that suit by default. He cannot now relitigate the suit by adding his wife as a party-plaintiff merely because she jointly owned the property with him. She is in privity to the original suit her husband brought. In the original suit he did not seek to destroy the estate but to preserve it. Both the principles of collateral estoppel and the doctrine of res judicata are based on public policy and they seek to prevent an individual from being vexed twice for the same cause. The rule should not be defeated by minor differences of form, parties or allegations when they are obviously only done to obscure the real purpose, namely a second trial on the same cause between the same parties.

## ORDER OF COURT

And now, December 4, 1974, defendant's motion for judgment on the pleadings is granted.