**PETRO–CHEM, INC., a Wyoming corporation, Appellant (Plaintiff),**

v.

**A.E. STALEY MANUFACTURING COMPANY, an Illinois corporation, Appellee (Defendant).**

**No. 83–250.**

Supreme Court of Wyoming.

Aug. 22, 1984.

---

Jack D. Palma, II, Cheyenne, and R. Brooke Jackson (argued), Denver, Colo., for appellant.

Weston W. Reeves of Vlastos, Reeves, Murdock & Brooks, P.C., Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This appeal is from a judgment denying recovery upon a contract. Appellant claimed breach of express warranty, implied warranty of merchantability and implied warranty of fitness for a particular purpose.

We will reverse.

Petro-Chem, Inc. (hereafter Petro-Chem) was involved in the business of supplying oil drilling wells with the necessary products for operation. In 1980 there was a shortage of starch-based drilling fluid additives. Therefore, Petro-Chem contacted several companies, one of which was A.E. Staley Manufacturing Company (hereafter referred to as Staley), in order to get a new supplier of drilling starch. Staley sent several samples of starch for testing by Petro-Chem's laboratories and personnel. One of these seemed satisfactory and, in September 1980, Petro-Chem started ordering numerous quantities of this starch. Staley was informed in late November or early December and also in January that Petro-Chem was having difficulties with the starch and that their customers were complaining. In January, Petro-Chem's general manager, for one reason or another, authorized more purchases of this starch and informed his personnel that they were not to complain. The position of general manager changed in June 1981. At that time the new manager learned of the problems with the starch. After negotiating with Staley about these problems, Petro-Chem filed suit. After trial, a jury found generally for the defendant and Petro-Chem appealed.

On appeal appellant Petro-Chem raises one issue:

"Did the jury receive proper instruction regarding the notice required of a buyer claiming breach of warranty under sec-

tion 2–607 of the Uniform Commercial Code, when the instruction departed from the language and intent of the Uniform Commercial Code and its official comments by requiring the buyer to specifically inform the seller that the buyer looks to him for damages?"

Appellant properly objected to Instruction 10 which stated:

"A seller is not liable for breach of warranty unless the buyer within a reasonable time after he discovers or should have discovered any breach notifies the seller of the breach. What is a reasonable time depends upon the nature of the act to be done, the nature of the contract and all the circumstances relating to the same. The notice need not be in any particular form and it may be oral or written. *It must*, however, *fairly inform the seller* of a breach of warranty, and *that the buyer looks to the seller for damages.*" (Emphasis added.)

Appellant particularly objected to the last part of the last sentence as being a misstatement of current law under the Uniform Commercial Code. Section 34–21–270(c)(i), W.S.1977, which was taken directly from the Uniform Commercial Code, states:

"(c) Where a tender has been accepted:

"(i) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy * * *."

Since Wyoming has adopted the Uniform Commercial Code, the comments to the code as well as cases from other jurisdictions concerning the provisions are applicable. The drafters of the U.C.C. state:

"The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer, as under the section covering statements of defects upon rejection (Section 2–605). *Nor is there reason for requiring the notification to be a claim for damages* or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." (Emphasis added.) White and Summers, Uniform Commercial Code § 11–10 at 425 (2d ed. 1980).

We have previously held that notice is required to be furnished by one who asserts a right of relief against the seller. *Western Equipment Co., Inc. v. Sheridan Iron Works, Inc.,* Wyo., 605 P.2d 806 (1980). A failure to give notice is a defense to an action for breach of warranty. White and Summers, Uniform Commercial Code § 11–10 at 421. White and Summers state that the policy behind this statute is to enable the seller to make adjustments, to afford the seller an opportunity to arm himself for litigation, and to allow the seller to close the book on goods which have been sold in the past. Other policy considerations requiring notice are to enable the seller to minimize damages, correct defects, and give him immunity against stale claims. *O'Shea v. Hatch,* 97 N.M. 409, 640 P.2d 515 (1982).

The instruction which appellant objects to was taken from the Wyoming Pattern Jury Instructions and is evidently based on Wisconsin law. However, Wisconsin stated, in *Paulson v. Olson Implement Co., Inc.,* 107 Wis.2d 510, 319 N.W.2d 855 (1982), that it does not require a higher standard than is required by the code. The court stated that sufficient notice does not require that the seller apprise the buyer that he looks to him for damages.

Most jurisdictions have held that the code does not require a particular form nor a technical or formal presentation for sufficient notice; nor does the notice have to be in any particular words; it need not be written, and can consist of a single or several communications. *T.J. Stevenson &*

*Co., Inc. v. 81,193 Bags of Flour*, 629 F.2d 338 (5th Cir.1980).

"[N]otification may be either oral or in writing and is sufficient if it is informative to the seller of the general nature of the difficulty encountered with the warranted goods by the holding of a majority of the cases dealing with this subject." *American Fertilizer Specialists, Inc. v. Wood*, Okla., 635 P.2d 592, 596 (1981).

The notification is sufficient if it lets the seller know that:

" * * * 'the transaction is still troublesome and must be watched.'" *Oregon Lumber Co. v. Dwyer Overseas Timber Products Co.*, 280 Or. 437, 571 P.2d 884 (1977) (quoting *Metro Inv. Corp. v. Portland Road Lumber Yard, Inc.*, 263 Or. 76, 501 P.2d 312, 314 (1972)). See, *Stelco Industries, Inc. v. Cohen*, 182 Conn. 561, 438 A.2d 759 (1980).

The general rule is that notification is sufficient if the seller is informed that the transaction is still troublesome and that the transaction is claimed to involve a breach thus opening the way for normal settlements through negotiation. 67 Am.Jur.2d Sales § 728. A few jurisdictions have required that the notice directly or inferentially advise the seller that the buyer is looking to him for compensation or reimbursement. *Dailey v. Holiday Distributing Corp.*, 260 Iowa 859, 151 N.W.2d 477 (1967); *Cotner v. International Harvester Co.*, 260 Ark. 885, 545 S.W.2d 627 (1977); *Wilson v. Marquette Electronics, Inc.*, 630 F.2d 575 (8th Cir.1980).

■ There is just one conclusion to be drawn from the cases cited. The instruction given was clearly erroneous. Appellee argues that even if the instruction was incorrectly given, appellant has failed to show prejudice. Prejudice must be demonstrated; it is never presumed. *Pure Gas & Chemical Co. v. Cook*, Wyo., 526 P.2d 986 (1974). An error must be prejudicial in order to warrant the reversal. *Robertson v. State Highway Comm'n*, Wyo., 450 P.2d 1003 (1969).

We have previously held that in situations where there is no reason to believe a new trial would produce a substantially different result, that reversal was not appropriate, *Waters v. Trenckmann*, Wyo., 503 P.2d 1187 (1972), and that a remote possibility of prejudice is not enough to constitute reversible error for inadequate instructions. *Booth v. Hackney*, Wyo., 516 P.2d 180 (1973).

We stated, in *Cervelli v. Graves*, Wyo., 661 P.2d 1032, 1036 (1983):

"If it is established that an instruction or instructions had a tendency to confuse or mislead the jury with respect to the applicable principles of law, reversal is proper."

In that case the instruction effectively precluded recovery by the appellant by taking away a jury question and was therefore prejudicial.

Errors in instructions can be ignored if the instruction goes to an issue that is immaterial because of the jury's verdict or if it is apparent that the error could not have changed the result. They are also immaterial if a motion for directed verdict should have been granted. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2886. Looking at the standards applicable to prejudicial error, we note that this instruction went to a crucial element of appellant's case. It did not go to an immaterial issue. It is apparent that a properly worded instruction could have changed the result. The only possible avenue for considering this instruction harmless error would be if plaintiff had failed to make a prima facie case and therefore it would have been proper to grant a motion for a directed verdict. In such a case, incorrect instructions would not be relevant.

Appellee moved for a directed verdict which was not granted. The trial judge must have felt there was enough evidence for the case to be submitted to the jury. We do not disagree with that decision. Appellee contends that the jury could have based its decision on a finding that Staley was not a merchant within the meaning of the Uniform Commercial Code or that the notice was not timely nor reasonable. It

also contends that the jury could have based its decision on a finding that Staley had not warranted the drilling starch. It is possible that the jury based its decision on any of these factors, however, we are unable to speculate as to the rationale behind their verdict.

Here Petro-Chem concededly did not present a request for damages until a year after the initial ordering of drilling starch. If the jury, noting that appellant had not informed appellee in its notice of breach that it looked to appellee for damages, and based its decision upon the incorrect requirement in the instruction, appellant was absolutely precluded from recovering. As we stated in *Cervelli v. Graves*, supra at 1040:

> "What a jury may decide upon hearing this case and after being properly instructed we are unable to say. What we must say, though, is that appellant should have the benefit of having his case decided by a properly instructed jury rather than by the trial court through an incorrect jury instruction."

Appellee has cited several cases where the court has held that the buyer's conduct, taken as a whole, did not constitute timely notice that the transaction involved a breach. *Eastern Air Lines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957 (5th Cir.1976); *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813 (6th Cir.1978), cert. denied 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979). While the buyer's conduct is a factor to be taken into consideration in deciding whether the notice was properly given or whether it was reasonable and timely, these determinations are generally questions of fact for the jury. *Oregon Lumber Co. v. Dwyer Overseas Timber Products Co.*, supra; *T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour*, supra.

We are unable to say, as a matter of law, that the notice in this case could not have been found sufficient under properly worded instructions. Therefore, we reverse and remand for further proceedings not inconsistent with this opinion.