**Sheryl CROSLEY and Patrick W. Kubeja, Plaintiffs,**

v.

**AGWAY, INC., Defendant.**

**Civ. A. No. 85–285 Erie.**

United States District Court, W.D. Pennsylvania.

March 31, 1987.

William Burke, Erie, Pa., for plaintiffs.

Roger H. Taft, Erie, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This diversity action brought by plaintiff Sheryl Crosley (and involuntary plaintiff Patrick Kubeja) seeks damages against Agway, Inc. asserting that defective feed purchased from the Agway Store in Union

City, PA in June, 1984 caused the illness and death of Crosley's hogs. Before this action was brought, Crosley and her current husband, Patrick Kubeja, were sued by Agway on January 18, 1985 before District Justice Mary Jane Fuller on a collection claim for the overdue balance for merchandise, including the hog feed at issue here. District Justice Fuller decided in favor of Agway in that proceedings in the amount of $2,480.63 which represented the entire balance due. Through Attorneys Vendetti and Vendetti, plaintiffs filed a notice of appeal. However, the Vendettis failed to serve the Notice of Appeal or to file proof of such service within the five days required by the Pennsylvania Rules. Thus, the appeal from the District Justice's decision was never perfected, was stricken, and final judgment entered.

Based on the prior proceedings, defendant now moves for summary judgment in the case at hand arguing that the District Justice's decision is final and binding. Under the doctrine of res judicata and/or collateral estoppel, plaintiffs should be barred from relitigating the issue of whether the feed was defective since this defense was considered and rejected by the District Justice.

Plaintiffs oppose this motion arguing several issues. First, plaintiffs assert that the cause of action in this case is different from that asserted in the hearing before the District Justice. Plaintiffs argue that their defense that some of the feed in some of the shipments was defective would have been an insufficient defense in the earlier proceedings before the District Justice, and that it therefore can't be used as a bar to litigating that issue here. Plaintiffs next argue that they did not have a full and fair opportunity to litigate this issue on the merits because, before the hearing, District Justice Fuller indicated that any counterclaim by Crosley and Kubeja for harm to their hogs due to bad feed would be for an amount in excess of her jurisdiction, and therefore she would not hear testimony on such a counterclaim. Testimony would be limited to the amount due and owing on the merchandise Agway delivered. There is some indication that, at some time either

prior to or during the hearing, plaintiffs attempted to admit evidence in the form of a letter from a veterinarian that the feed was defective. District Justice Fuller would not admit this letter as evidence since the vet was not present at the hearing and the letter was deemed to be hearsay.

Pennsylvania law governs this court's consideration of whether the earlier judgment should be given preclusive effect. *See Davis v. United States Steel Supply*, 688 F.2d 166 (3d Cir.1982), *cert. denied*, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983). Application of the principle of res judicata required the presence of four identities: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Michelson v. Exxon Research & Engineering Co.*, 629 F.Supp. 418, 423 (W.D.Pa.1986). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Callery v. Blythe Township Municipal Authority*, 432 Pa. 307, 243 A.2d 385 (1968). Collateral estoppel is a broader concept wherein a question of fact essential to a previous judgment, which has been litigated and determined by final judgment, is conclusive between the parties on a different cause of action. *Thompson v. Karastan Rug Mills*, 228 Pa. Super 260, 323 A.2d 341 (1974); Restatement, Judgments § 68. Furthermore, under Pennsylvania law, the doctrines of res judicata and collateral estoppel apply to proceedings before District Justices as well as to proceedings before Courts of Common Pleas. *A.C. Elfman & Sons, Inc. v. Clime*, 355 Pa.Super. 394, 513 A.2d 488, 489–90 (1986).

We have no question that the parties to both proceedings were identical, and that their involvement in the proceedings was in the same capacity, i.e. on their own behalf and not as representative parties for others. While we do not find that the causes of action are identical, we do find that the underlying events, witnesses and doc-

uments needed to establish Crosley and Kubeja's defense in the earlier action are identical to those necessary in the present action to establish the controlling issue of whether or not the feed was defective. In both actions, a determination of whether the feed sold by Agway was defective is absolutely necessary to a final decision.

Defendants have provided the court with the affidavit of District Justice Mary Jane Fuller who indicates that plaintiffs Crosley and Kubeja appeared before her, and asserted the defense that the hog feed sold and delivered by Agway, Inc. was unmerchantable and unfit for their hogs based on the same allegations that appear in Paragraphs 3 through 6 of the Complaint filed in the present action against Agway. District Justice Fuller further indicates that, based on all the evidence presented, and after specific consideration of Crosley and Kubeja's defense, she entered judgment in favor of Agway, Inc. for the full amount claimed. While plaintiffs attach an affidavit of their own to their brief, we do not find the bare assertions, arguments and conclusions contained therein sufficient to raise a factual dispute as to whether or not they defended the prior action by claiming that the hog feed was defective. *See Maldonado v. Ramirez,* 757 F.2d 48, 50–51 (3d Cir.1985); *Ness v. Marshall,* 660 F.2d 517 (3d Cir.1981). An appeal from the District Justice's decision would provide a *de novo* opportunity for plaintiffs to assert their defense. The fact that plaintiffs failed to perfect their appeal, however, rendered the District Justice's decision binding.

We find that the District Justice, having considered plaintiffs' defense, necessarily had to have rejected it in order to find in favor of Agway for the full amount. Had the District Justice accepted that some of the feed was bad, an adjustment to the amount due and owing would have been in order. See, e.g. *National Container Corp. of Pennsylvania v. Regal Corrugated Box Co.,* 383 Pa. 499, 119 A.2d 270 (1956). We do not find plaintiffs' argument regarding the insufficiency of their defense in the prior action convincing.

Neither do we agree with plaintiff's argument that they were denied a full and fair opportunity to be heard. They did appear and their defense was heard by the District Justice and necessarily rejected. Improper preparation and/or failure to perfect an appeal are not circumstances that can support a finding that plaintiffs were denied the opportunity to be heard. Neither is the fact that the District Justice did not hear the counterclaim, since the defense of bad feed was heard. Had plaintiffs taken an appeal, they would have been able to introduce any relevant, competent evidence they had which tended to show that the feed was bad.

For all of these reasons, we find that plaintiffs are barred under the doctrine of collateral estoppel from relitigating in this court an issue of fact which had been earlier determined. Since we must accept the fact that plaintiffs cannot prove in this action that the feed was defective, we must enter judgment in favor of defendant.

An appropriate order will issue.