513 A.2d 488

**A.C. ELFMAN & SONS, INC., Appellee,**

v.

**Frederick C. CLIME and Veronica D. Clime, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Decided July 31, 1986.

---

Jeffrey Hoyle, Lansdale, for appellants.

John N. Schaeffer, Doylestown, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

The issue in this appeal involves an application of the doctrine of res judicata. The trial court refused to apply

the doctrine because judgment in a prior action between the same parties had been entered by agreement before a district justice and because, in the trial court's opinion, it did not constitute a final adjudication of the merits. We reverse.

Frederick and Veronica Clime, husband and wife, entered an oral agreement with A.C. Elfman & Sons, Inc., a contractor, by which the contractor agreed to make repairs to Climes' home. When the Climes failed to pay a balance which the contractor believed to be due, an action was commenced by the contractor before a district justice. Prior to the hearing on June 7, 1983, a judgment was entered by agreement in favor of the defendants. Following the entry of this judgment by the district justice, the contractor filed a notice of appeal in the Court of Common Pleas of Bucks County. When the contractor failed to file a complaint within twenty days thereafter, as required by Pa.R.C.P.D.J. 1004 A, the Climes moved, pursuant to Pa.R.C.P.D.J. 1006, to strike the appeal. The trial court granted the motion and struck the contractor's appeal by an order dated August 17, 1983. No appeal was taken from that order.

More than four months later, on December 30, 1983, the contractor filed a complaint in the Court of Common Pleas to a different docket number. The cause of action was the same as that for which recovery had been sought in the action commenced before the district justice. The Climes filed preliminary objections in the nature of a demurrer, alleging that the prior judgment entered by the district justice was res judicata and barred the new action. The trial court dismissed the preliminary objections. The court also denied a later motion for summary judgment made by appellants on grounds that appellee's action was barred by res judicata. The case was thereafter heard by a board of arbitration, pursuant to compulsory arbitration rules in effect in Bucks County, and resulted in an award for the contractor in the amount of $871.85. An appeal was then filed in the Court of Common Pleas by the Climes, where the action was heard non-jury. The defense of res judicata

was again asserted by the Climes and rejected by the trial court. A verdict was entered for the contractor in the same amount which had been awarded by the board of arbitrators. A post-trial motion for judgment n.o.v., again asserting the defense of res judicata, was denied, and judgment was entered on the verdict. The Climes appealed.

 The doctrine of res judicata establishes that "a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action." *Keystone Building Corp. v. Lincoln Savings and Loan Association,* 468 Pa. 85, 91, 360 A.2d 191, 194 (1976) quoting *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 395, 100 A.2d 595, 598 (1953). See: *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A.2d 786, 788, *cert. denied,* 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1965). To establish the defense of res judicata, four elements must be shown: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Keystone Building Corp. v. Lincoln Savings and Loan Association, supra; Shindel v. Leedom,* 350 Pa.Super. 274, 277, 504 A.2d 353, 355 (1985); *Estate of Hillegass,* 322 Pa.Super. 139, 143–144, 469 A.2d 221, 223 (1983); *Brandschain v. Lieberman,* 320 Pa.Super. 10, 15, 466 A.2d 1035, 1038 (1983). Where the four identities are present, a judgment entered by consent or agreement will bind the parties with the same force and effect as if it had been entered after a full hearing on the merits. *Keystone Building Corp. v. Lincoln Savings and Loan Association, supra* 468 Pa. at 92 n. 6, 360 A.2d at 194–195 n. 6, quoting 47 Am.Jur.2d *Judgments* § 1089; *Zampetti v. Cavanaugh,* 406 Pa. 259, 265, 176 A.2d 906, 909 (1962); *Brandschain v. Lieberman, supra* 320 Pa.Super. at 16, 466 A.2d at 1038; *Chamberlin of Pittsburgh, Inc. v. Fort Pitt Chemical Co.,* 237 Pa.Super. 528, 532, 352 A.2d 176, 177 (1975).

 Similarly, where the doctrine of res judicata is otherwise applicable, its invocation will not be precluded or

impaired because the prior judgment was entered in an action before a district justice. *Stahl v. Hilderhoff,* 432 Pa. 179, 182, 247 A.2d 582, 583 (1968). See: *Boland v. Spitz,* 153 Pa. 590, 26 A. 22 (1893); *Marsteller v. Marsteller,* 132 Pa. 517, 19 A. 344 (1890).

In the instant case, the record demonstrates that the four identities necessary to invoke the doctrine of res judicata were present. In the action before the district justice and in the instant action, the contractor sued the same defendants, on the same oral contract, for a balance allegedly remaining due and unpaid.[1] Nevertheless, the trial court rejected the defense of res judicata. The court said, inter alia, that the consent judgment entered by the parties was for the convenience of the parties and was not intended to be a final adjudication of Elfman's claim. This finding by the trial court, however, is without support in the record. Indeed, it is contradicted flatly by the judgment entered by the district justice which is unconditional and gives no suggestion that it was not intended to be a final determination on the merits. This judgment became final when an appeal therefrom failed to be perfected.

After the contractor's appeal from the judgment had been dismissed and the judgment had become final, all objections to the form of the judgment were waived. The final judgment was not thereafter subject to collateral attack in a separate proceeding. See: *Devlin v. Piechoski,* 374 Pa. 639, 643, 99 A.2d 346, 348 (1953), quoting *Stradley v. Bath Portland Cement Co.,* 228 Pa. 108, 113, 77 A. 242, 243 (1910). It could not be avoided merely because one of the parties intended subjectively to litigate the issue again in another action.

We conclude, therefore, that the contractor's claim was adjudicated finally by the consent judgment entered before the district justice. That judgment was res judicata and

---

**1.** Although the complaint filed in the court of common pleas sought a greater amount in damages than had been alleged in the pleading submitted to the district justice court, we agree with the trial court that the difference in the amount of damages requested does not preclude application of the doctrine.

barred a second action between the same parties on the same cause of action. When the trial court held otherwise, it fell into error. The earlier judgment had attained a certainty and finality which protected the homeowners from "vexatious, repetitious litigation" by the contractor on the same claim. See: *Schultz v. City of Philadelphia,* 314 Pa.Super. 194, 199, 460 A.2d 833, 835 (1983); *Exner v. Exner,* 268 Pa.Super. 253, 257, 407 A.2d 1342, 1344 (1979).

Judgment reversed and entered in favor of appellants.