## Hatchigian v. Koch

*Joseph R. D'Annunzio,* for plaintiff.
*Cary L. Flitter,* for defendants.

CORSO, *J.,* July 14, 1988 — Plaintiff, David Hatchigian, appeals from the order of the undersigned denying motion for summary judgment and granting the motion for summary judgment of defendants, June and Harvey Koch. The procedural background be summarized as follows:

On November 19, 1984, plaintiff filed a complaint in District Court 38-1-106 seeking $4,000 for electrical work performed for defendants from November, 1983, to August, 1984. On February 26, 1985, after a hearing on the merits, District Justice Henry J. Schireson entered judgment in favor of plaintiff and against defendants in the sum of $786, plus costs. Notice of appeal, praecipe to enter rule to file complaint and rule to file complaint were filed by defendants in the Court of Common Pleas of Montgomery County on June 21, 1985. Judgment of non pros was entered on July 12, 1985, due to plaintiff's failure to file a timely complaint. Motion to set aside entry of judgment of non pros was denied by the court on January 3, 1986.

Thereafter, on April 9, 1987, plaintiff filed a new

594

complaint against defendants in this court seeking payment of $1,171.47, plus interest for electrical work performed in April 1984. Both parties filed motions for summary judgment. On May 18, 1988, after oral argument, this court granted defendants' motion for summary judgment, thereby denying plaintiff's motion for summary judgment sub silentio.

Pursuant to Pa.R.A.P. 1925(b), plaintiff has filed the following concise statement of matters complained of on appeal:

"(1) The court erred in granting the defendants' motion for summary judgment in finding that plaintiff's claim was barred by the doctrine of res judicata and collateral estoppel.

"(2) The court erred in granting the defendants' motion for summary judgment pursuant to Pa.R.C.P. 1035 in finding that the defendants were entitled to a judgment as a matter of law and that there was no material issue of fact.

"(3) The court erred in finding that there had been a previous judgment entered on the merits of this case, and so granted the defendants' motion for summary judgment.

"(4) The court erred in finding that the judgment of non pros entered in a previous case constituted a judgment on the merits.

"(5) The court erred in denying the plaintiff's motion for summary judgment in that there was no material issue of fact, the plaintiff pleaded a valid cause of action entitling him to relief, and the plaintiff was entitled to recover monies for work performed as a matter of law."

This case is factually similar, and in the opinion of this court, legally controlled by the case of *A.C. Elfman & Sons Inc. v. Clime*, 355 Pa. Super 394, 513 A.2d 488 (1986). In that case a contractor filed

a complaint in the district court seeking payment for repairs made to the defendant's home. Prior to hearing, a consent judgment was entered in favor of defendants. Four months later, the contractor filed another complaint in the court of common pleas, asserting the identical cause of action. The defendants filed preliminary objections in the nature of a demurrer raising the doctrine of res judicata as a bar to the action. The trial court dismissed defendants' preliminary objections and denied a later motion for summary judgment which asserted the same defense. The Superior Court reversed the judgment of the trial court.

The Superior Court clearly and precisely enunciated the doctrine of res judicata as follows:

"The doctrine of res judicata establishes that 'a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action.' (citations omitted)

"To establish the defense of res judicata, four elements must be shown: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued: (citations omitted) Where the four identities are present, a judgment entered by consent or agreement will bind the parties with the same force and effect as if it had been entered after a full hearing on the merits." (citations omitted)

In this case identity of the parties and their capacities exists. Plaintiff admits, in his affidavit to motion for summary judgment that the two actions seek payment for the identical work. Both actions assert breach of contract as the sole cause of action. Although a disparity exists in the amount of damages prayed for in the two actions, such is not

sufficient to preclude the application of the doctrine of res judicata. *Elfman, supra.* As such, the "four identities" being present, the judgment of the district justice became final upon the entry of judgment of non pros.

Plaintiff contends that the judgment of non pros entered against him is not an adjudication on the merits. As a general proposition, it is true that a dismissal for want of diligent prosecution is not a judgment on the merits and does not preclude a party from instituting a second suit on the same cause of action, provided the statute of limitations has not expired. However, there was a determination on the merits before the district justice in this case.

Although this case involves an appeal from a judgment of the district court, such does not effect it, as the Superior Court stated in *Elfman, supra:* "[W]here the doctrine of res judicata is otherwise applicable, its invocation will not be precluded or impaired because the prior judgment was entered in an action before a district justice."

Based upon the foregoing, this action by the plaintiff is barred by the doctrine of res judicata, and therefore the defendant's motion for summary judgment was properly granted.