553 A.2d 1018

David HATCHIGIAN, Appellant,

v.

June KOCH and Harvey Koch, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 6, 1988.

Filed Feb. 16, 1989.

Joseph R. D'Annunzio, Conshohoken, for appellant.

Cary L. Flitter, Bala Cynwyd, for appellees.

Before CIRILLO, President Judge, and BECK and KELLY, JJ.

BECK, Judge:

The novel issue presented is whether a Pennsylvania District Court judgment for the plaintiff has res judicata effect where the defendant appeals the judgment to the trial court, the plaintiff then suffers a judgment of non pros for failing to file a complaint in the trial court, and the plaintiff later institutes a new action in the trial court alleging the same cause of action against the same parties. We find that the judgment of the District Court does not have res judicata effect.

On November 19, 1984, Hatchigian filed a complaint in district court seeking $4,000 for electrical work performed for the Kochs in the period from November 1983 to August 1984. On February 26, 1985, after a hearing on the merits, the district justice entered judgment for Hatchigian in the amount of $786.00, plus costs. Pursuant to Pa.R.C.P.D.J. 1004, the Kochs filed a Notice of Appeal, Praecipe to Enter

Rule to File Complaint and Rule to File Complaint in the Court of Common Pleas for Montgomery County. When Hatchigian failed to file a complaint within the required twenty days, the Kochs praeciped for entry of a judgment of non pros pursuant to Pa.R.C.P.D.J. No. 1004 B. This rule provides that if the appealing party is the defendant before the district court and petitions for the plaintiff to file a complaint in the court of common pleas, and the plaintiff fails to do so, then the plaintiff shall suffer a non pros. The judgment of non pros was entered on July 12, 1985. Hatchigian then moved to have the judgment of non pros set aside. His motion was denied on January 3, 1986.

Fifteen months later, on April 9, 1987, Hatchigian filed a new complaint against the Kochs in the trial court in which he requested $1,171.47 for electrical work. The complaint clearly seeks recovery for the same work that was the subject of the action in district court and Hatchigian does not dispute this fact. Both parties filed Motions for Summary Judgment. The Kochs' motion was granted on May 18, 1988. This timely appeal followed.

The trial court granted the Kochs' motion because it regarded the February 1985 district court judgment as being res judicata of any claim by Hatchigian for monies allegedly due for services that were the subject of the district court action. The trial court cited this court's decision in *A.C. Elfman & Sons, Inc. v. Clime,* 355 Pa.Super. 394, 513 A.2d 488 (1986), as establishing that although a district court is not a court of record, a final district court judgment will nevertheless have res judicata effect where the doctrine of res judicata is otherwise applicable. We find that there are important procedural differences between this case and *Elfman* which render it inapplicable to the instant case. In *Elfman,* the district court had entered a consent judgment against plaintiff. Plaintiff then appealed the judgment by filing a notice of appeal in the Court of Common Pleas. Plaintiff, however, failed to file a complaint as required under Pa.R.C.P.D.J. No. 1004 and the

trial court struck his appeal pursuant to Pa.R.C.P.D.J. No. 1006. Plaintiff thereafter attempted to file a new action in the trial court alleging the same cause of action against the same parties. The trial court decided that the prior district court judgment was not res judicata. This court reversed, holding that the district court judgment became final upon the striking of the appeal therefrom and had res judicata effect barring the subsequent common pleas action.

The trial court in the instant case found a strong analogy between this case and *Elfman*. It noted that in both there was a district court judgment and a later common pleas court action between the same parties alleging the same cause of action. Relying on *Elfman* the trial court found that the February 1985 district court judgment was res judicata and barred Hatchigian's subsequent action in the trial court. The trial court, however, failed to recognize that its order of non pros against Hatchigian superceded the judgment of the district court and acted to continue the jurisdiction of the trial court.

In contrast in *Elfman* the court struck the appeal in the trial court. This had the effect of ousting the jurisdiction of the trial court and leaving as the only subsisting judgment in the matter the district court judgment. In *Elfman*, to permit a subsequent action at the trial level would be to permit an improper attack on the judgment of the district court because the only proper challenge to the district court judgment was an appeal and the appeal had already been taken and struck.

Furthermore, in the instant case if we were to find that the district court judgment had res judicata effect we would be permitting two valid judgments to exist; one, a judgment for money in the district court, and the other, a judgment of non pros in the trial court. We conclude that the trial court's judgment of non pros is the only valid surviving judgment, and that the trial court continues to have jurisdiction over this matter.

It is settled law that where plaintiff has suffered a judgment of non pros, he may later commence a new action between the selfsame parties and alleging the selfsame cause of action so long as the second action is commenced within the applicable statute of limitations. *Doner v. Jowitt and Rodgers Co.*, 299 Pa.Super. 492, 445 A.2d 1237 (1982); *Bucci v. Detroit Fire and Marine Insur. Co.*, 109 Pa.Super. 167, 167 A. 425 (1933). Since a non pros is not a judgment on the merits, it cannot have res judicata effect. *Id.*

Application of this principle to the instant matter compels us to hold that Hatchigian's present common pleas court action is not barred by the principle of res judicata. We are further persuaded that our resolution is correct because if we were to hold that Hatchigian did not maintain the right to commence his new action throughout the remaining period of the statute of limitations, we would effectively abbreviate his limitations period. The entry of the non pros would place the plaintiff in the same position as if the statute of limitations had run. In contrast a plaintiff who had originally filed a suit in common pleas and been non prossed could still file an identical new action until the limitations period had expired.

The order of the trial court is reversed. The matter is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.[1]

1. Hatchigian requests that we not only reverse the summary judgment entered for the Kochs on res judicata grounds, but also that we enter judgment for Hatchigian. Hatchigian filed a cross motion for summary judgment, alleging that there were no material facts in dispute and that he was due judgment as a matter of law. Although no order concerning Hatchigian's motion was ever entered, the trial court opinion notes that the court sub silentio denied Hatchigian's motion by granting the Kochs' motion.

We will not accede to Hatchigian's request. The trial court never acted on the substance of Hatchigian's motion and had no need to do so since it found Hatchigian's action barred on the independent ground of res judicata. The case must be remanded for the trial court to determine whether either party is entitled to summary judgment on any other ground.