INDEPENDENT TECHNICAL SERVICES, Appellee

v.

CAMPO'S EXPRESS, INC., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 15, 2002.
Filed Nov. 27, 2002.

Raymond W. Ferrario, Scranton, for appellant.

T. Shawn Harkins, Scranton, for appellee.

Before: KLEIN, BOWES and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Campo's Express, Inc., hereinafter "Campo," appeals from the May 13, 2002 Order denying its objections to the levy filed against it by plaintiff/appellee, Independent Technical Services ("Independent"), based on the November 18, 1998 default judgment entered in Independent's favor in the amount of $648.82 plus interest and costs.[1] We reverse the Order denying relief.

¶ 2 The facts, as set forth by the trial court, follow.

The facts of this matter are not in dispute: The Plaintiff installed some telecommunications equipment in the Defendant's place of business. The Defendant was not satisfied with the work performed and did not pay Plaintiff's bill. The Plaintiff, therefore, commenced a civil action before a District Justice in Luzerne County and was awarded judgment in the amount of $648.82 plus interests and costs.

Campo's Express then filed an appeal in the Court of Common Pleas of Luzerne County. The Plaintiff filed a Complaint in that court and the Defendant filed an Answer, New Matter and Counterclaim. [Plaintiff filed a response.] There the matter rested for two years without further action. On November 21, 2001, the Court of Common Pleas of Luzerne County dismissed the action in its entirety due to docket inactivity and pursuant to Pa.R.J.A. 1901.

The Plaintiff then certified his original District Court judgment to District Court 44–3–04 in Wyoming County, where the Defendant maintains a place of business, and caused a writ of execution to issue to collect that judgment. Following a levy by the Sheriff, the Defendant filed an Objection to the levy in the District Court. The objection was denied and the defendant appealed to this court. Following hearing, the objection was similarly overruled [on May 13, 2002], and this appeal has followed.

Trial Court Opinion, Vanstan, P.J., 6/11/02.

¶ 3 Campo argues generally that the judgment entered against it, in favor of plaintiff/appellee Independent Technical

1. The November 18, 1998 district justice default judgment award at issue totals $701.32. There is a second judgment included in the certified record, however, including interest, dated February 13, 2002, and totaling $843.63.

Service, no longer exists.[2] Appellant bases its argument on the fact its appeal *de novo* from the judgment entered at the district justice level negated or extinguished any prior judgment. "Accordingly, no judgment existed from which a subsequent execution and levy of assets could be made." Appellant's brief at 8. Logic, law and equity dictate appellant's argument must prevail.

¶ 4 As the facts relate, judgment was entered in favor of Independent on November 18, 1998, and Campo filed an appeal *de novo* in the trial court. In accordance with Pa.R.C.P.D.J. 1004, **Filing Complaint or Praecipe on Appeal; Appeals Involving Cross–Complaints**, Independent was ruled to file a complaint, and did so on December 21, 1998. On February 12, 1999, Campo filed an answer, new matter and counterclaim, and on February 23, 1999, Independent filed its answer.

¶ 5 No further action was taken until September 7, 2001, when the trial court filed its notice of intent to terminate case. Both parties were advised their action would be dismissed, "at the [October 9, 2001] General Call unless some action is taken prior thereto or good cause for continuing the case is shown at the General Call." No further action was taken and, on November 24, 2001, the court dismissed the case for inactivity.

■■■■ ¶ 6 An order terminating an action for inactivity will not be reversed absent a manifest abuse of discretion. *Pilon v. Bally Engineering Structures*, 435 Pa.Super. 227, 645 A.2d 282 (1994), *appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994). The trial court, as all judiciary, has a duty to encourage the timely resolution of all disputes.

It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an order terminating the matter.

Pa.R.J.A.1901, **Prompt Disposition of Matters; Termination of Inactive Cases (a) General Policy**. The plaintiff in a case has an affirmative duty to move its case forward.

The law is settled that it is the plaintiff, not defendant, who bears the risk of not acting within a reasonable time to move a case along. If plaintiff's counsel finds [himself] faced with delays created by others, [he] must take action to move the case forward, such as filing praecipes for argument on undecided motions, moving to compel [his] opponent to file a certificate of readiness, or requesting a conference with the judge, as provided by local rule to have the case put on the trial list.

*Pilon supra* at 285 (citations and quotations omitted, brackets in original).

■■■■ ¶ 7 We disagree with the trial court's conclusion a supersedeas obtained as a consequence of filing an appeal *de novo* acts to forever sustain a judgment obtained at the magistrate level. The reasonable interpretation of Pa.R.C.P.D.J. 1008, **Appeal as Supersedeas**, is that the notice of appeal from the district magistrate's judgment acts a supersedeas until such time as the appeal *de novo* is perfected. At that point, the action is a *de novo* proceeding and is subject to the Pennsylvania Rules of Civil Procedure. *See* Pa. R.C.P.D.J. 1007, **Procedure on Appeal**. In the *de novo* proceeding under consideration, Independent was obliged to move the case forward. *See Pilon*. It did not,

---

**2.** Appellee, Independent Technical Service, has not filed a brief in this matter.

and the case was dismissed. Independent cannot now be rewarded for doing nothing, and allowed to execute upon the judgment previously entered at the district magistrate level and thereafter extinguished by the perfecting of the appeal *de novo*. To do so would vitiate the orderly process of the *de novo* proceeding and inject a degree of uncertainty into the process by placing into the hands of the plaintiff a disproportionate amount of control over the ultimate result.

¶ 8 *A.C. Elfman & Sons, Inc. v. Clime*, 355 Pa.Super. 394, 513 A.2d 488 (1986), relied upon by the trial court in support of its decision denying Campo's objections to Independent's levy, is distinguishable from the matter before us. In *Elfman*, this Court found the consent judgment entered at the magistrate level was binding (*res judicata*) as a consequence of *plaintiff/appellant's* failure to perfect its appeal *de novo* by filing a complaint, causing the court to grant defendant/appellee's motion to strike the appeal. That is not the situation here. Upon appeal *de novo* by Campo, Independent filed its complaint as ruled. Campo filed its answer, new matter and counterclaim, and Independent replied. At this point the pleadings were arguably closed and the proceedings entered the discovery phase. If discovery was unneeded or unnecessary, it was at this point that the case should have been listed for trial. Independent, however, did nothing to "move its case forward," even when advised by the trial court that failure to do so would result in dismissal. Independent elected to do nothing to prevent that result. It cannot then expect to execute on the default judgment entered three years prior at the magistrate level, that judgment having been extinguished by the perfecting of the appeal *de novo* in the trial court.

¶ 9 For these reasons, we conclude judgment entered at the magistrate level was nullified by the perfection of the appeal *de novo;* accordingly, we reverse the Order of the trial court and sustain appellant Campo's objections to the levy imposed by appellee Independent.

¶ 10 Order reversed.

¶ 11 Jurisdiction relinquished.