J-S18008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN FLAGLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS TEMPLIN | : | |
| | : | |
| Appellant | : | No. 832 MDA 2019 |

Appeal from the Orders Entered April 18, 2019,
in the Court of Common Pleas of Berks County,
Civil Division at No(s):  18 19731.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 14, 2020**

Francis Templin appeals *pro se* from the orders denying his: 1) petition for injunctive relief and stay of writ of execution and sheriff's sale[1] and/or distribution of personal property; and 2) motion to appoint counsel.  Upon review, we vacate in part and remand and affirm in part.

Initially, we note that disposition of this case requires discussion of previous litigation between the parties.  On August 27, 2018, a Northampton County magisterial district judge ("MDJ") awarded John Flagler a judgment against Templin in the amount of $12,203.15.  Templin filed a notice of appeal from that judgment with the Northampton County Court of Common Pleas

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although Templin claims that he is appealing an order regarding his motion to set aside sheriff's sale, there is no separate order pertaining to this motion.

(Appeal *De Novo* I). The prothonotary, however, rejected Templin's notice of appeal, which it received on September 28, 2018, two days after the filing deadline, as untimely. On January 30, 2019, Templin filed another notice of appeal from the MDJ judgment and an emergency petition for allowance to file the appeal (Appeal *De Novo* II).[2] On May 13, 2019, upon Flagler's motion, the Northampton trial court struck Templin's notice of appeal because it was filed one hundred fifty (150) days after the MDJ's judgment. It also denied Templin's emergency motion to strike district court judgment and dissolve the writ of execution. Templin appealed these two orders to this Court. No stay was issued pending his appeal.

In that appeal, Templin claimed that he timely filed his notice of appeal (Appeal *De Novo* I) with the trial court and that it should have been accepted even though it was received two days after the September 26, 2018 deadline. In reviewing his claim, this Court noted that the prisoner mail box rule applied to Templin as an incarcerated litigant. Consequently, Templin's original notice of appeal (Appeal *De Novo* I) should have been considered filed on September 20, 2018, when he placed the it in the prison mailbox, which was within the thirty-day (30) appeal period. **Flagler v. Templin**, 1631 EDA 2019, unpublished memorandum, at 6 (March 30, 2020) (**Templin I**). However, because the Northampton County trial court did not rule on Templin's emergency petition for allowance to file notice of appeal, this Court vacated

---

[2] The court never ruled on this motion.

the two orders which Templin had appealed (**Templin I**) and remanded the case so that the trial court could rule on Templin's emergency petition. **Id.** at 7. Effectively, we reinstated Templin's notice of appeal from the MDJ judgment. However, as we will discuss herein, we are unable to determine whether the appeal has been allowed and perfected.

Meanwhile, on December 11, 2018, several months after Templin attempted to file his original appeal *de novo*, Flagler had transferred the MDJ judgment to Berks County; the prothonotary notified Templin that the judgment had been filed against him. On December 19, 2018, Flagler filed a praecipe for writ of execution directing the Berks County Sheriff to execute against Templin and to index the writ against him; the prothonotary issued a writ of execution; no property was identified.[3] Notice was served on Templin on January 23, 2019. It is unclear from the record when Templin's property was executed upon, what property was levied, and when and if it was sold at sheriff's sale.[4]

On February 15, 2019, Flagler filed another praecipe for writ of execution; the prothonotary issued the writ and described the property to be

_____

[3] Although not part of the record, we observe that this writ of execution, attached to Templin's appellate brief, described the property to be levied upon as the mobile home located at Lot #8, 6093 Old Route 22, Bernville, PA 19506.

[4] Although not part of the record, we observe that a form from the Berks County Sheriff's Office, attached to Templin's appellate brief, indicates that a Forest River camper and all of its contents was levied on January 18, 2019, and was to be sold at sheriff's sale on February 7, 2019.

levied upon as Templin's shed, contents of the shed and the boat located at Lot #8, 6093 Old Route 22, Bernville, Pennsylvania. It is unclear from the record when Templin received notice of this writ. It is also unclear from the record when Templin's property was executed upon, what property was levied, and when and if it was sold at sheriff's sale.

On February 21, 2019, Templin filed an emergency petition for injunctive relief and stay of writ of execution and sheriff's sale and/or distribution of property claiming that the MDJ refused to continue his case when he was incarcerated. He also claimed that there were defects in the execution upon his property. On March 21, 2019, he filed a motion to appoint counsel.[5] Pending disposition of this emergency petition, the trial court stayed any sale or distribution of Templin's property. Following argument on April 15, 2019, the trial court denied Templin's petition for injunctive relief and stay of execution and his motion for appointment of counsel (orders filed April 18, 2019).

Templin filed a timely notice of appeal to this Court (**Templin II**). Templin and the trial court complied with Pennsylvania Rule of Civil Procedure 1925.[6]

_____

[5] Templin filed several other motions which were repetitive of his initial motion.

[6] We note that, although Templin filed a timely response to the trial court's Pa.R.A.P. 1925(b) order, it does not necessarily equate with issue

- 4 -

In this appeal, Templin raises eight issues (8) issues for our review. Essentially, these issues relate to the propriety of the MDJ proceedings, the sufficiency of the writ of execution, the sufficiency of notice of the writ of execution to Templin, the sufficiency of the notice of the sheriff's sale to Templin, and the validity of the underlying judgment. However, to resolve this appeal, we rephrase the pertinent issues as follows:

1. Whether the MDJ money judgment, which was the basis for the writs of execution and subsequent sheriff's sale of Templin's property, is a valid judgment?

2. Whether the sheriff's sale of Templin's property should be set aside?

3. Whether the trial court abused its discretion in denying Templin's request for appointment of counsel?

**See** Templin's Brief at 6-8.

Templin claims that the underlying judgment is void. Specifically, he argues, *inter alia*, that the "trial and judgment" were on appeal in 1631 EDA 2019, (**Templin I**) which, according to him, would result in "a striking of the district court judgment." Templin's Brief at 22.

_____

preservation. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 210 (Pa. Super. 2008). The Rule 1925(b) statement "must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raise on appeal. . . ." **Id.** Templin's 1925(b) statement is thirty-four (34) handwritten pages, which is essentially/mainly a narrative of this case without any discernible issues except one general statement relating to defects in writ, levy and service and defects in the sheriffs sale. In such circumstance, we could find waiver. **See Jiricko**, 947 A.2d at 213. However, because of the unique procedural posture of this case, we decline to do so.

- 5 -

The trial court, in considering Templin's petition for injunctive relief and stay of execution/distribution, concluded that, because Templin did not file a timely *de novo* appeal, Flagler had a valid judgment and appropriately proceeded to execute upon it. Trial Court Opinion, 7/19/19, at 3. At the time Templin filed his brief in this appeal, this court had not yet decided **Templin I**. In light of this Court's decision in **Templin I** reinstating Templin's notice of appeal from the MDJ judgment and remand, we are compelled to disagree with the trial court.

Following imposition of a money judgment by a magisterial district judge, a party may appeal the matter to the court of common pleas within thirty (30) days of the judgment. Pa.R.C.P.D.J. 1002A. When a notice of appeal is filed, a *supersedeas* is automatically imposed. Pa.R.C.P.D.J. 1008. However, this does not forever sustain the judgment obtained at the magistrate level. **Independent Tech. Servs. v. Campo's Exp., Inc.**, 812 A.2d 1238 (Pa. Super. 2002). Once the appeal is perfected,[7] the proceeding before the court of common pleas is *de novo*, and the judgment entered at the magistrate level is extinguished/nullified. Pa.R.C.P.D.J. 1007; **Independent Tech. Servs.**, 812 A.2d at 1240.

_____

[7] In order to perfect such appeal, the appeal must be timely filed. Otherwise, the prothonotary is required to reject the appeal. Pa.R.C.P.D.J. 1002A. The plaintiff at the magistrate level then is required to file a complaint. Once this is completed, the case proceeds as if it had been initially filed with the court of common pleas, since the appeal is *de novo*.

Here, Templin initially was unable to pursue a *de novo* appeal before the Northampton County Court of Common Pleas because, twice, it concluded that Templin's notices of appeal were untimely. Given this, Flagler appropriately proceeded to enforce his judgment against Templin, as the trial court concluded. However, following Templin's appeal to this Court in Templin I, we reinstated his appeal d*e novo* and directed the trial court to rule on his emergency petition to file notice of appeal. The trial court's ruling on that petition and its decision whether to allow Templin's appeal to go forward affects the status of the magistrate's money judgment against Templin, and thus, the validity of the execution on it and the resulting sale of Templin's property, which is at issue in this appeal.

If Templin's appeal *de novo* is allowed and perfected, then the magistrate's money judgment will be nullified. Such a decision would render the Berks County sheriff's execution on Templin's property and the sale of it improper as no judgment existed upon which to execute. ***See Harris v. Harris***, 239 A.2d 783, 785 (Pa. Super. 1968) ("where a void judgment is the basis for an execution sale," the sale itself is void); ***Roberts v. Gibson***, 251 A.2d 799, 802 (Pa. Super. 1969) ("If the judgment is void, the sheriff's sale resulting from the execution issued on the judgment would be a nullity[.]"). Consequently, we vacate the Berks County trial court's order denying Templin's request for injunctive relief and stay of sale/distribution.

Additionally, because we are unable to determine the status of Templin's appeal *de novo* and thus, the status of the MDJ judgment from the record, we

remand this matter to the trial court to determine the status of Templin's *de novo* appeal before the Northampton County Court of Common Pleas. In the event that the appeal has been perfected, the trial court shall dissolve the writs of execution against Templin and set aside the sheriff's sale of Templin's property. In the event that the appeal is not perfected, the court may enter such orders it deems necessary.

As a final matter, Templin claims that the trial court erred in refusing to appoint counsel for him. Specifically, he claims that because of his health conditions and his incarceration he is unable to effectively adequately handle his case. Templin's Brief at 48. As Templin acknowledges in his brief, "the law is well settled that there is no right to counsel in civil cases." ***Rich v. Acrivos***, 815 A.2d 1106, 1108 (Pa. Super. 2003). We therefore conclude that the trial court did not error in refusing to appoint counsel for Templin.

Order denying the petition for injunctive relief and stay of writ of execution and sheriff's sale and/or distribution of personal property vacated and remanded for further proceedings. Order relating to appointment of counsel affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/14/2020

- 8 -