J-A08003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN KLIESH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN FRANKLIN PLUMBING | : | No. 2001 EDA 2025 |

Appeal from the Order Entered July 17, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2025-04565

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 23, 2026**

John Kliesh appeals, pro se, from the orders, entered in the Court of Common Pleas of Bucks County, granting Appellee Benjamin Franklin Plumbing's[1] ("BFP") motions to strike a certified judgment and to dismiss a praecipe for writ of execution.  We affirm.

On March 19, 2021, Kliesh filed a civil complaint against BFP in the Bucks County Magisterial District Court, alleging fraud, and that BFP had "sabotage[ed a] sewer line [and] then caus[ed] damages."  Civil Complaint, 3/19/21, at 1.  BFP's counsel did not receive notice of the hearing date before the magisterial district justice ("MDJ") and, therefore, did not attend.  **See** Appellee's Brief, at 3.  Thereafter, judgment was entered in favor of Kliesh

---

* Former Justice specially assigned to the Superior Court.

[1] Appellee's correct name is Glasson Enterprises, Inc., d/b/a Benjamin Franklin Plumbing.  **See** Brief of Appellee, at 2.

and against BFP in the amount of $12,211.95 on May 24, 2021. **See** Notice of Judgment/Transcript, 5/24/21.

On June 16, 2021, BFP filed a de novo appeal from the MDJ judgment in the Court of Common Pleas ("CCP") of Bucks County, along with a praecipe to enter a rule to file a complaint, directed to Kliesh. **See** Motion to Strike MDJ Judgment, 7/2/25, at Exhibit "A." Due to pending litigation by Kliesh against a Bucks County CCP judge and court staff, the Bucks County CCP bench recused itself from the matter; Senior Judge William P. Mahon of Chester County was assigned to the case by order of the Pennsylvania Supreme Court. **See** Trial Court Opinion, 10/6/25, at Attachment "A" (order issued by Chief Justice Debra Todd appointing Judge Mahon to try all proceedings in this case).

The trial court record of the appeal de novo to the court of common pleas is not contained in the certified record on appeal in this matter. Thus, we are not privy to the proceedings that took place from the date BFP filed its notice of appeal until May 14, 2025, when BFP filed a motion to dismiss.[2] On June 16, 2025, Judge Mahon granted BFP's motion and dismissed the action with prejudice. Kliesh did not appeal that order.

On June 25, 2025, Kliesh filed a notice of filing judgment with respect to the May 24, 2021 MDJ judgment. On June 27, 2025, Kliesh filed a praecipe for writ of execution thereon. On July 2, 2025, BFP filed two motions—one to

_____

[2] The motion to dismiss is not contained in the certified record on appeal; therefore, we have no information as to the legal basis for the motion.

strike the MDJ judgment with prejudice and another to dismiss Kliesh's praecipe for writ of execution. On July 11, 2025, BFP filed a motion for a temporary restraining order and preliminary injunction to stay enforcement of the MDJ judgment. On July 17, 2025, Judge Mahon granted the requested stay and scheduled a hearing, to be held on July 18, 2025. Also on July 17, 2025, the court entered orders striking the certified MDJ judgment and dismissing Kliesh's writ of execution. Kliesh filed a timely notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claims for our review:

1. Judge [] Mahon holds no jurisdiction in this case or in Bucks County Court of Common Pleas.

2. New evidence in this "writ of execution case" from Judge Mahon, Pennsylvania State Supreme Court[,] and news media affirming his lack of jurisdiction.

3. Judge Mahon has relied on an unlawful ex parte letter, unlawfully acquired under Pennsylvania law(s) and canon rules.

4. Judge Mahon has failed to comply with Pennsylvania laws when he filed both his orders being appealed.

Brief of Appellant, at 10 (unnecessary capitalization omitted).

Kliesh's first two claims challenge Judge Mahon's jurisdiction to hear this case. Kliesh argues that there is no record of Judge Mahon being assigned to hear this case and that Judge Denise M. Bowman's name appears on the docket as the assigned judge. Kliesh asserts that Judge Bowman never filed an "order of recusaul [sic]/disqualification," *id.* at 15 (unnecessary capitalization omitted), which Kliesh alleges is required under Rule 2.11 of the

Code of Judicial Conduct. Kliesh argues that Judge Mahon is a Chester County senior judge with no jurisdiction to preside over matters in Bucks County.[3] *Id.* at 16, citing Pa. Const. art. V, § 13(a). He asserts that the Prothonotary's Office of the Pennsylvania Supreme Court "[c]ould NOT find any 'request' from the 'President Judge McHugh of the Bucks County Court of Common Pleas'" to reassign Judge Mahon to the Bucks County Court of Common Pleas. *Id.* at 17. Kliesh further alleges that Judge Mahon refused to disclose his physical location at the time of the video hearing in this case, "[a]ffirming that 'Judge William P. Mahon' was NOT and never was in the Bucks County Court of Common Pleas Courthouse."[4] *Id.* at 18. Kliesh is entitled to no relief.

---

[3] Kliesh references "new evidence" in the form of two orders from the Supreme Court of Pennsylvania reassigning various common pleas court judges to different divisions within their judicial districts. *See id.* at 17. These orders are not contained in the certified record and, as such, we may not consider them. *See Commonwealth v. Little*, 305 A.3d 38, 49 (Pa. Super. 2023) (Superior Court cannot consider evidence which is outside of certified record). Even if the orders were contained in the certified record, Judge Mahon's absence from those orders, or any similar order, does not demonstrate that he "has never been legally transferred to the Bucks County Court of Common Pleas or this 'writ of execution case.'" *Id.* (unnecessary capitalization omitted). The orders submitted by Kliesh were promulgated under Pa.R.J.A. 702, which governs the procedures for divisional assignments of judges within a judicial district. Judge Mahon was assigned to this matter pursuant to Pa.R.J.A. 701(C), which governs requests for assignment of additional judges "[w]henever a president judge deems additional judicial assistance necessary for the prompt and proper disposition of court business."

[4] Kliesh again cites to evidence dehors the certified record, in the form of a news article from Lancasteronline.com reporting that Judge Mahon had been assigned to oversee a Lancaster County prosecution of a former Lancaster City police officer. *See id.* at 20. *See also* R.R. at 40A-42A. We may not consider this evidence, *see Little*, *supra*, and even if we could, it would be of no
*(Footnote Continued Next Page)*

- 4 -

Article V, § 10 of the Pennsylvania Constitution provides that "[t]he Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace, including authority to temporarily assign judges . . . from one court or district to another as it deems appropriate." Pa. Const. art. V, § 10(a). The Court also is empowered to "prescribe general rules governing practice, procedure[,] and the conduct of all courts[.]" *Id.* at § 10(c).

Pennsylvania Rule of Judicial Administration 701 governs the certification and assignment of senior judges. "Whenever a president judge deems additional judicial assistance necessary for the prompt and proper disposition of court business, he or his proxy shall transmit a formal request for judicial assistance to the Administrative Office." Pa.R.J.A. 701(C)(1). "Upon the recommendation of the Court Administrator, the Chief Justice may, by order, assign any retired, former, or active . . . judge . . . to temporary

_____

moment. Pennsylvania Rule of Judicial Administration 701(C)(3) grants the Chief Justice broad authority to "assign any retired, former, or active . . . judge . . . to temporary judicial service **on any court** to fulfill a request by a president judge[.]" Pa.R.J.A. 701(C)(2) (emphasis added). The language contains no geographic limitations restricting senior judges to temporary service in only one county at a time. Indeed, the Rules of Judicial Administration expressly contemplate that senior judges may serve in multiple judicial districts simultaneously. Specifically, Pa.R.J.A. 703(D)(4) addresses reporting requirements for "senior judges or active judges **serving in more than one judicial district**," requiring them to "file one consolidated report with the Administrative Office, and [to] file copies of the consolidated report with the president judge and the district court administrator **for each judicial district in which the judge has matters that have been submitted for decision.**" Pa.R.J.A. 703(D)(4) (emphasis added).

judicial service on any court to fulfill a request by a president judge." Pa.R.J.A. 701(C)(2). The Rules of Judicial Administration contain no geographic or temporal limitations restricting senior judges to service in only one county at a time and, indeed, contemplate that they may serve in more than one county at a time. **See** Pa.R.J.A. 703(D)(4) (setting forth judicial reporting requirements and providing that "[s]enior judges serving **in more than one judicial district** shall file one consolidated report," filing copies in "each judicial district in which the judge has matters that have been submitted for decision") (emphasis added).

Here, Bucks County President Judge McHugh submitted a request for the temporary assignment of Judge Mahon to this matter, commencing on July 16, 2025. **See** Trial Court Opinion, 10/6/25, at Attachment "A" (Request for Assignment of Judge). In that request, President Judge McHugh indicated that the appointment was necessary because "[t]he Court has recused itself from proceedings involving Mr. Kliesh due to litigation against a judge of the court and court administration employees." **Id.** On July 29, 2025, Pennsylvania Chief Justice Debra Todd entered an order pursuant to Pa.R.J.A. 701(C)(2) approving President Judge McHugh's request and assigning Judge Mahon to the case. The order specifically stated that "the judge assigned is vested with the same power and authority as the judges of the requesting district for the purposes and period set forth." Order, 7/29/25. Accordingly, Kliesh's claim that Judge Mahon lacked jurisdiction to preside over this case is patently meritless.

Next, Kliesh asserts that Judge Mahon "relied on an unlawful ex parte letter, which was unlawfully provided by [Magisterial District Judge Corryn L. Kronnagel, Esquire,] which he relied on as the sole piece of evidence as developed below." Brief of Appellant, at 21 (cleaned up). Although Kliesh's argument is difficult to discern, it appears that he believes Judge Mahon improperly granted relief to BFP based solely on an inappropriate ex parte communication between the MDJ and counsel for BFP.[5] He is entitled to no relief.

> Following imposition of a money judgment by a magisterial district judge, a party may appeal the matter to the court of common pleas within thirty (30) days of the judgment. [*See*] Pa.R.C.P.D.J. 1002A. When a notice of appeal is filed, a supersedeas is automatically imposed. [*See*] Pa.R.C.P.D.J. 1008. However, this does not forever sustain the judgment obtained at the magistrate level. *Independent Tech. Servs. v. Campo's Exp., Inc.*, 812 A.2d 1238 (Pa. Super. 2002). **Once the appeal is perfected,[7] the proceeding before the court of common pleas is de novo, and the judgment entered at the magistrate level is extinguished/nullified**. Pa.R.C.P.D.J. 1007; *Independent Tech. Servs.*, 812 A.2d at 1240.
>
> > [7] In order to perfect such an appeal, the appeal must be timely filed. Otherwise, the prothonotary is required to reject the appeal. Pa.R.C.P.D.J. 1002A. The plaintiff at the magistrate level then is required to file a complaint. Once this is completed, the case proceeds as if it had been initially filed with the court of common pleas, since the appeal is de novo.

_____

[5] The "ex parte communication" to which Kliesh refers is a letter from MDJ Kronnagel, addressed to BFP's counsel, indicating that a certified copy of the original MDJ judgment was entered in error on June 20, 2025. The letter from MDJ Kronnagel was attached as an exhibit to BFP's motions to dismiss the writ of execution and strike the certified judgment.

*Flagler v. Templin*, 239 A.3d 67, at \*3 (Pa. Super. 2020) (Table)[6] (emphasis added).  "The court of common pleas on appeal can exercise its full jurisdiction and **all parties will be free to treat the case as though it had never been before the [MDJ]**, subject of course to the Rules of Civil Procedure." Pa.R.C.P.D.J. 1007, Note (emphasis added).

Here, BFP timely appealed Kliesh's May 24, 2021 MDJ judgment to the court of common pleas.  Thus, the judgment entered in Kliesh's favor at the magistrate level **was extinguished** and Kliesh was not entitled to enforce it through execution proceedings.  *See Independent Tech. Servs.*, 812 A.2d at 1241 (plaintiff in appeal de novo "cannot expect to execute on [] judgment entered three years prior at the magistrate level, that judgment having been extinguished by the perfecting of the appeal de novo in the trial court").  Accordingly, the letter from MDJ Kronnagel is entirely irrelevant to the legal determination as to whether Kliesh is entitled to enforce the MDJ judgment and he is entitled to no relief.

Finally, Kliesh asserts that Judge Mahon "failed to comply with Pennsylvania laws when he filed both his orders being appealed."  Brief of Appellant, at 24 (unnecessary capitalization omitted).  Once again, the substance of Kliesh's disjointed argument is nearly impossible to discern, but the essence of his claim appears to be that the MDJ judgment remains valid, that he was entitled to enforce it, and therefore Judge Mahon erred by

_____

[6] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decisions of this Court filed after May 1, 2019, may be cited for persuasive value).

dismissing his praecipe for writ of execution. However, as we noted above, once BFP perfected its de novo appeal of the MDJ judgment, that judgment was extinguished. *Independent Tech. Servs.*, *supra*. As such, it was not subject to enforcement through execution proceedings and Kliesh is entitled to no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026